# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| --- | --- |
| | ) |
| v. | ) CR 99-2 |
| | ) CV 14-176 |
| RUDOLPH WEAVER | ) |

## OPINION AND ORDER

### SYNOPSIS

In this action, a jury convicted Defendant of armed bank robbery on March 24, 2000. He was subsequently sentenced under 18 U.S. § 3559, the so-called "three strikes" law, for a term of life imprisonment. Before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255, as well as his Motion to appoint counsel. Defendant now contends that, based on Descamps v. United States, 133 S.Ct. 2276, 186 L. Ed. 2d 438 (2013), his 1997 conviction for robbery should not have been used as a predicate offense for sentencing. For the following reasons, both Motions will be denied.

### OPINION

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). I further note that pro se pleadings are to be construed liberally, and I have so construed Defendant's submissions. See United States v. Otero, 502 F.3d

1

331, 334 (3d Cir. 2007). In this case, a hearing is unnecessary, and the amended Motion will be disposed of on the record. Because no hearing is necessary, and Defendant's argument is straightforward and competently presented, I will deny Defendant's Motion to appoint counsel.

Section 2255 contains the following provision: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain…a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). In this proceeding, Defendant filed an initial Section 2255 petition on February 20, 2003. The Court, after full briefing by both parties, denied that petition. Defendant did not obtain authorization to file an additional petition. Accordingly, Defendant's Motion must be denied as a second or successive petition.

Defendant, however, contends that his Motion should survive under Section 2255(f)(3), which provides that a petitioner may file a Section 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." As Defendant appears to acknowledge, this Section refers to time limitations, and not to the propriety of a second petition. Moreover, courts within this Circuit have indicated that <u>Descamps</u> did not newly recognize any right, which impacts Section 22553(f). <u>United States v. Wilson</u>, 2015 U.S. Dist. LEXIS 96059 (W.D. Pa. July 23, 2015); <u>cf.</u> <u>United States v. Hawkins</u>, 614 Fed. Appx. 580, 582 (3d Cir. Pa. 2015).

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

**ORDER**

AND NOW, this 4th day of December, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motions [131] [137] are DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court